
0209R00210:sam


FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2009 MAY 14  P 3:41

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO. RDB-09-0271 |
| v. | : | |
| | : | (Conspiracy to Commit Sex Trafficking |
| BYRON KEITH THOMPSON, | : | of a Minor, 18 U.S.C. § 1594(c); Sex |
| a/k/a "B," and | : | Trafficking of a Minor, 18 U.S.C. |
| LEA SHAWNAY BELL, | : | § 1591; Aiding & Abetting, 18 U.S.C. |
| a/k/a "Eboni," | : | § 2) |
| a/k/a "Ebony," | : | |
| | : | |
| Defendants. | : | |

...oOo...

## INDICTMENT

### COUNT ONE
(Conspiracy to Commit Sex Trafficking)

The Grand Jury for the District of Maryland charges that:

At all times relevant to this Indictment:

### Introduction

1.  Defendant **BYRON KEITH THOMPSON, a/k/a "B,"** was a resident of Maryland and was born in 1983.

2.  Defendant **LEA SHAWNAY BELL, a/k/a "Eboni," a/k/a "Ebony,"** was a resident of Maryland and was born in 1980.

### The Minor Sex Trafficking Victims

3.  Three minor females were victims of the crimes alleged herein ("the minors"). Each was a resident of Maryland and under the age of 18: "Jane Doe 1" was born in 1994, "Jane Doe 2" was born in 1994, and "Jane Doe 3" was born in 1991.

1

## The Conspiracy

4. Beginning in at least January 2009 and continuing through in or about April 2009, in the State and District of Maryland and elsewhere, the defendants,

**BYRON KEITH THOMPSON,**
a/k/a "B,"
and
**LEA SHAWNAY BELL,**
a/k/a "Eboni,"
a/k/a "Ebony,"

together with others, known and unknown to the Grand Jury, did knowingly, in and affecting interstate and foreign commerce, combine, conspire, confederate and agree to violate Title 18, United States Code, Section 1591(a), namely, to recruit, entice, harbor, transport, provide and obtain by any means a person, and benefit financially and by receiving anything of value from participation in a venture engaged in such acts, knowing and in reckless disregard of the fact that the person had not attained the age of 18 years and would be caused to engage in a commercial sex act.

## Manner and Means of the Conspiracy

5. It was part of the conspiracy that **BYRON KEITH THOMPSON, a/k/a "B,"** **LEA SHAWNAY BELL, a/k/a "Eboni," a/k/a "Ebony,"** and others both known and unknown to the Grand Jury, would receive monies that the minors were paid to engage in commercial sex acts.

6. It was further part of the conspiracy that **BYRON KEITH THOMPSON, a/k/a "B,"** and **LEA SHAWNAY BELL, a/k/a "Eboni," a/k/a "Ebony,"** and others both known and unknown to the Grand Jury, would use vehicles, public highways, hotels, cellular telephones and

the internet to facilitate the minors engaging in commercial sex acts.

7. It was further part of the conspiracy that **BYRON KEITH THOMPSON, a/k/a "B,"** and **LEA SHAWNAY BELL, a/k/a "Eboni," a/k/a "Ebony,"** and others both known and unknown to the Grand Jury, provided the minors with marijuana.

8. It was further part of the conspiracy that **BYRON KEITH THOMPSON, a/k/a "B,"** and **LEA SHAWNAY BELL, a/k/a "Eboni," a/k/a "Ebony,"** provided clothing, food, shelter and condoms to the minors.

9. It was further part of the conspiracy that **BYRON KEITH THOMPSON, a/k/a "B,"** and **LEA SHAWNAY BELL, a/k/a "Eboni," a/k/a "Ebony,"** supplied cellular telephones used to arrange for sex customers and linked those cellular telephone numbers to Craigslist postings advertising sexual services for a fee.

### Overt Acts

10. In furtherance of the conspiracy, and to effect the objects thereof, **BYRON KEITH THOMPSON, a/k/a "B,"** and **LEA SHAWNAY BELL, a/k/a "Eboni," a/k/a "Ebony,"** and others both known and unknown to the Grand Jury, committed the following overt acts in the District of Maryland and elsewhere:

  a. In January 2009, **BYRON KEITH THOMPSON, a/k/a "B,"** and **LEA SHAWNAY BELL, a/k/a "Eboni," a/k/a "Ebony,"** advertised "Jane Doe 3" on Craigslist as providing sexual services for a fee.

  b. In February 2009, **BYRON KEITH THOMPSON, a/k/a "B,"** and **LEA SHAWNAY BELL, a/k/a "Eboni," a/k/a "Ebony,"** advertised "Jane Doe 3" on Craigslist as providing sexual services for a fee.

c. In March 2009, **BYRON KEITH THOMPSON**, a/k/a "B," and **LEA SHAWNAY BELL**, a/k/a "Eboni," a/k/a "Ebony," told Jane Doe 1 and Jane Doe 2 to lie about their ages and pretend to be adults.

d. In March 2009, **BYRON KEITH THOMPSON**, a/k/a "B," and **LEA SHAWNAY BELL**, a/k/a "Eboni," a/k/a "Ebony," told Jane Doe 1 and Jane Doe 2 that they would engage in sex acts for which **BYRON KEITH THOMPSON**, a/k/a "B," and **LEA SHAWNAY BELL**, a/k/a "Eboni," a/k/a "Ebony," would receive payment.

e. In March 2009, **BYRON KEITH THOMPSON**, a/k/a "B," and **LEA SHAWNAY BELL**, a/k/a "Eboni," a/k/a "Ebony," instructed Jane Doe 1 and Jane Doe 2 on pricing for different sexual activities.

f. On or about March 5, 2009, **BYRON KEITH THOMPSON**, a/k/a "B," rented a room at a Days Inn in Baltimore County for the minors to engage in commercial sex acts.

g. On or about March 5, 2009, **LEA SHAWNAY BELL**, a/k/a "Eboni," a/k/a "Ebony," took the minors to a Days Inn in Baltimore County for the minors to engage in commercial sex acts.

h. On or about March 5, 2009, **BYRON KEITH THOMPSON**, a/k/a "B," and **LEA SHAWNAY BELL**, a/k/a "Eboni," a/k/a "Ebony," received monies in exchange for the sexual acts of the minors.

i. On or about March 6, 2009, **BYRON KEITH THOMPSON**, a/k/a "B," and **LEA SHAWNAY BELL**, a/k/a "Eboni," a/k/a "Ebony," transported the minors to a truck stop in Jessup, Maryland to engage in commercial sex acts.

j.   In April 2009, **BYRON KEITH THOMPSON**, a/k/a "B," and **LEA SHAWNAY BELL**, a/k/a "Eboni," a/k/a "Ebony," advertised "Jane Doe 3" on Craigslist as providing sexual services for a fee.

18 U.S.C. § 1594(c).

## COUNT TWO
### (Sex Trafficking of "Jane Doe 1")

The Grand Jury for the District of Maryland further charges that:

1. The allegations set forth in Paragraphs 1 through 3 and 5 through 10 of Count One of this Indictment are incorporated by reference here.

2. On or about March 5, 2009, in the District of Maryland, defendants,

**BYRON KEITH THOMPSON,**
a/k/a "B,"
and
**LEA SHAWNAY BELL,**
a/k/a "Eboni,"
a/k/a "Ebony,"

did knowingly, in and affecting interstate and foreign commerce, recruit, entice, harbor, transport, provide and obtain by any means a person, namely, "Jane Doe 1," and did benefit financially and by receiving anything of value from participation in a venture engaged in such acts, knowing and in reckless disregard of the fact that "Jane Doe 1" had not attained the age of 18 years and would be caused to engage in a commercial sex act.

18 U.S.C. § 1591(a)
18 U.S.C. § 2

## COUNT THREE
### (Sex Trafficking of "Jane Doe 2")

The Grand Jury for the District of Maryland further charges that:

1. The allegations set forth in Paragraphs 1 through 3 and 5 through 10 of Count One of this Indictment are incorporated by reference here.

2. On or about March 5, 2009, in the District of Maryland, defendants,

**BYRON KEITH THOMPSON,**
a/k/a "B,"
and
**LEA SHAWNAY BELL,**
a/k/a "Eboni,"
a/k/a "Ebony,"

did knowingly, in and affecting interstate and foreign commerce, recruit, entice, harbor, transport, provide and obtain by any means a person, namely, "Jane Doe 2," and did benefit financially and by receiving anything of value from participation in a venture engaged in such acts, knowing and in reckless disregard of the fact that "Jane Doe 2" had not attained the age of 18 years and would be caused to engage in a commercial sex act.

18 U.S.C. § 1591(a)
18 U.S.C. § 2

## COUNT FOUR
### (Sex Trafficking of "Jane Doe 3")

The Grand Jury for the District of Maryland further charges that:

1. The allegations set forth in Paragraphs 1 through 3 and 5 through 10 of Count One of this Indictment are incorporated by reference here.

2. On or about March 5, 2009, in the District of Maryland, defendants,

**BYRON KEITH THOMPSON,**
a/k/a "B,"
and
**LEA SHAWNAY BELL,**
a/k/a "Eboni,"
a/k/a "Ebony,"

did knowingly, in and affecting interstate and foreign commerce, recruit, entice, harbor, transport, provide and obtain by any means a person, namely, "Jane Doe 3," and did benefit financially and by receiving anything of value from participation in a venture engaged in such acts, knowing and in reckless disregard of the fact that "Jane Doe 3" had not attained the age of 18 years and would be caused to engage in a commercial sex act.

18 U.S.C. § 1591(a)
18 U.S.C. § 2

ROD J. ROSENSTEIN
United States Attorney

**SIGNATURE REDACTED**   5-14-2009
DATE

8