```
1                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF MARYLAND
2                        NORTHERN DIVISION

3    UNITED STATES OF AMERICA, :  CRIMINAL NO.:

4           Plaintiff,        :  RDB-09-0271

5        vs.                  :

6    LEA SHAWNAY BELL,         :  Baltimore, Maryland

7           Defendant.        :  July 28th, 2009

8
              *   *   *   *   *   *   *   *   *   *   *
9
           The above-entitled case came on for re-arraignment
10
     before the Honorable Richard D. Bennett, United States
11
     District Judge.
12
              *   *   *   *   *   *   *   *   *   *   *
13

14                     A P P E A R A N C E S

15

16   For the Government:

17        Solette A. Magnelli, AUSA

18

19   For the Defendant:

          Jeffrey Earl Risberg, AFPD
20

21   Also Present:  ICE Special Agent Ed Kelly
                     Lisa Spinnicchio, Probation
22

23

24   Christine T. Asif, RPR, CRR

25   Official Court Reporter
```

1          P R O C E E D I N G S

2          MS. MAGNELLI:  Your Honor, if I may call the case?

3          THE COURT:  Yes, Ms. Magnelli, if you'll call the

4     case, please.

5          MS. MAGNELLI:  Your Honor, this is the United

6     States versus Lea Bell, criminal number RDB-09-0271.

7     Solette Magnelli for the Government.  Seated with me at

8     counsel table is ICE Special Agent Ed Kelly.  Your Honor, we

9     are here this morning for a re-arraignment.

10         THE COURT:  Yes, Ms. Magnelli, nice to see you.

11    And good morning Agent Kelly, how are you?  Nice to see you.

12    And on behalf of the defendant?

13         MR. RISBERG:  Good morning, Judge Bennett.  Jeff

14    Risberg on behalf of Lea Bell who is in the courtroom to my

15    right.

16         THE COURT:  Yes, Mr. Risberg, nice to see you back

17    in court.  Nice to see you and good morning, Ms. Bell.  We

18    are ready to proceed by way of a guilty plea in this case.

19    The defendant proffered a plea of guilty to conspiracy to

20    commit sex trafficking of a minor as charged in Count 1, and

21    then three counts of sex trafficking of a minor.

22    Essentially the proffer is that the defendant is going to

23    plead guilty to all four counts of the indictment; is that

24    correct, Ms. Magnelli?

25         MS. MAGNELLI:  Yes, Your Honor.

1          THE COURT:  Is that correct, Mr. Risberg?

2          MR. RISBERG:  It is.

3          THE COURT:  All right.  And I understand this plea

4    is being proffered pursuant to Rule 11(c)(1)(C) of the

5    Federal Rules of Criminal Procedure, pursuant to which

6    counsel have agreed that a sentence of 120 months or ten

7    years is an appropriate sentence in this case; is that

8    correct, Ms. Magnelli?

9          MS. MAGNELLI:  Yes, Your Honor.

10          THE COURT:  Correct, Mr. Risberg.

11          MR. RISBERG:  It is.

12          THE COURT:  All right.  We'll be going through

13   this process here, Ms. Bell.  And let me explain to you that

14   this means that that would be the sentence that you receive

15   in the case.  And as I'll explain to you as we proceed

16   through the proceedings this morning, if I were to determine

17   that that was not an appropriate sentence, then I would give

18   you the latitude to withdraw your plea of guilty, do you

19   understand that?

20          THE DEFENDANT:  Yes.

21          THE COURT:  You have to keep your voice up now.

22          THE DEFENDANT:  Yes.

23          THE COURT:  All right.  With that we're ready to

24   proceed, madame clerk.

25          THE CLERK:  Ma'am, please I raise your right hand.

```
1                    (Defendant sworn.)

2                    THE DEFENDANT:  Yes, ma'am.

3                    THE CLERK:  You may put your hand down.  Please,

4        state -- leave your hand down, just state your name.

5                    THE CLERK:  Lea Shawnay Bell.

6                    THE CLERK:  Thank you.  Ma'am, what is your age?

7                    THE DEFENDANT:  29.

8                    THE CLERK:  And what year were you born?

9                    THE DEFENDANT:  1980.

10                   THE CLERK:  1980.  Ms. Bell, on June 4th, 2009 you

11       were arraigned and pled not guilty to Counts 1 through 4 of

12       the indictment.  Do you wish to change your plea at this

13       time?

14                   THE DEFENDANT:  Yes, I do.

15                   THE CLERK:  How do you wish to plead?

16                   THE DEFENDANT:  Not guilty -- I'm sorry, guilty.

17                   THE CLERK:  Guilty as to all four counts?

18                   THE DEFENDANT:  Yes.

19                   THE CLERK:  The plea is guilty to Counts 1 through

20       4.  Thank you.

21                   THE COURT:  Ms. Bell, do you understand that you

22       are now under oath?

23                   THE DEFENDANT:  Yes.

24                   THE COURT:  And do you understand that if you were

25       to answer any of my questions falsely, those answers could
```

1   later be used against you in another prosecution for perjury

2   or for making false statements?

3            THE DEFENDANT:  Yes.

4            THE COURT:  All right.  So it's very important

5   that you answer my questions truthfully.  We're not in a

6   hurry here this morning.  If you have any questions you stop

7   and talk to Mr. Risberg, the Assistant Federal Public

8   Defender.  How far did you get in school, Ms. Bell?

9            THE DEFENDANT:  11th grade.

10           THE COURT:  And you are an American citizen?

11           THE DEFENDANT:  Yes, I am.

12           THE COURT:  And can you read and write the English

13  language?

14           THE DEFENDANT:  Yes, sir.

15           THE COURT:  Have you been treated recently for any

16  mental illness or addiction to any narcotic drugs of any

17  kind?

18           THE DEFENDANT:  I do take medication for anxiety

19  and depression.

20           THE COURT:  All right.  And are you currently

21  under the influence -- have you taken any medication this

22  morning?

23           THE DEFENDANT:  No.

24           THE COURT:  All right.  What medication have you

25  taken?

1              THE DEFENDANT:  Celexa, I take Clonodine and

2      Benadryl.

3              THE COURT:  All right.  Are you currently under

4      the influence of any drugs or medication or alcoholic

5      beverage of any kind?

6              THE DEFENDANT:  No.

7              THE COURT:  Mr. Risberg, are you satisfied your

8      client is competent to proceed with the guilty plea this

9      morning.

10             MR. RISBERG:  I am, Your Honor.

11             THE COURT:  Now, Ms. Bell, have you received a

12     copy of the four count indictment in this case, that is the

13     written charges made against you charging you with

14     conspiracy to commit sex trafficking of a minor as well as

15     three counts of sex trafficking of a minor?

16             THE DEFENDANT:  Yes, sir.

17             THE COURT:  And have you fully discussed these

18     charges with your attorney, Mr. Risberg?

19             THE DEFENDANT:  Yes.

20             THE COURT:  Have you discussed the whole situation

21     with him including the evidence in the case, witnesses you

22     might want to call if the case proceeded to trial, the

23     possibility of a trial and even an appeal if, and I say if,

24     you were found guilty in this case?

25             THE DEFENDANT:  Yes.

```
1              THE COURT:  Are you fully satisfied with Mr.
2     Risberg and his representation and the advice which he's
3     given you?
4              THE DEFENDANT:  So far so good.
5              THE COURT:  I'm sorry?
6              THE DEFENDANT:  Yes.
7              THE COURT:  So far so good you said?
8              THE DEFENDANT:  Yes.
9              THE COURT:  I want to make sure that you're
10    satisfied with his representation and his advice.  Explain
11    to me in your own words the reason for your satisfaction
12    with his representation.  Is there anything you've asked him
13    to do that he's not done?
14              THE DEFENDANT:  No.
15              THE COURT:  All right.  And has he answered all
16    your questions concerning the nature of the case?
17              THE DEFENDANT:  Yes.
18              THE COURT:  Has he gone over the evidence with
19    you, and the evidence that the Government would present if
20    the case went to trial?
21              THE DEFENDANT:  Yeah.
22              THE COURT:  All right.  And are you fully
23    satisfied with his services?
24              THE DEFENDANT:  Yes.
25              THE COURT:  The Court has been advised that
```

there's a plea agreement in this case, which was set forth in a letter of July 20, 2009, from Assistant United States Attorney Solette Magnelli to Assistant Federal Public Defender Jeff Risberg. And I'll ask that the clerk take that down, it's been marked as Government Exhibit 1, the original. I'll ask that you take that down. Ms. Magnelli did I pronounce your name correctly?

MS. MAGNELLI: It's Solette.

THE COURT: Solette, thank you very much. The original letter has been marked as Government Exhibit 1. And I'll ask that Mr. Risberg if you go over that with Ms. Bell right now. Ms. Bell, did you have an opportunity to read and discuss this plea agreement with Mr. Risberg before you signed it?

THE DEFENDANT: Yes, sir.

THE COURT: And is that in fact your signature there on -- first of all, on page 7 of the plea agreement, is that your signature there?

THE DEFENDANT: Yes, sir.

THE COURT: And then also there is an Attachment A with respect to the agreed statement of facts. And there's a page 9 there. And I note there's also your signature. That is your signature there?

THE DEFENDANT: Yes, sir.

THE COURT: Did anyone make any other promises or

1　assurances to you in an effort to induce you to plead guilty

2　in this case, other than what is set forth in this plea

3　agreement letter?

4　　　　　THE DEFENDANT:  No.

5　　　　　THE COURT:  And is this the complete agreement

6　between you and the Government in this case?

7　　　　　THE DEFENDANT:  Yes.

8　　　　　THE COURT:  And, Mr. Risberg, you're satisfied

9　that this sets forth the complete agreement between your

10　client and the Government.

11　　　　　MR. RISBERG:  I am.

12　　　　　THE COURT:  Now, did anyone in any way try to

13　force you or threaten you to plead guilty in this case, Ms.

14　Bell?

15　　　　　THE DEFENDANT:  No.

16　　　　　THE COURT:  Are you pleading guilty on your own

17　freely and because you are in fact guilty?

18　　　　　THE DEFENDANT:  Yes, I am.

19　　　　　THE COURT:  I'm sorry?

20　　　　　THE DEFENDANT:  Yes.

21　　　　　THE COURT:  I don't want any hesitation on this.

22　The -- I want to make sure you understand.  You're

23　proffering a plea of guilty to me, there's no hesitation

24　here on this.  I have to be satisfied that you're guilty,

25　otherwise we have a trial.  Do you understand?  12 people

```
1    are put in a jury box and you go to trial and they determine
2    your guilt or innocence, do you understand that?
3              THE DEFENDANT:  Yes.
4              THE COURT:  So I'm really -- I'm very careful, Ms.
5    Bell, if there's any hesitation here I won't accept your
6    guilty plea, do you understand that?
7              THE DEFENDANT:  I understand.
8              THE COURT:  You're charged with very serious
9    crimes that may result in your going to prison.  In fact,
10   you're pleading guilty to an offense to which you will go to
11   prison for ten years, do you understand that?
12             THE DEFENDANT:  Yes.
13             THE COURT:  So I don't want to have any hesitation
14   then later you second guess or challenge the representation
15   of Mr. Risberg.  So if there's any hesitation here, I'm not
16   going to accept your guilty plea, do you understand that?
17             THE DEFENDANT:  Yes, sir.
18             THE COURT:  All right.  So has anyone tried to
19   force you to plead guilty in this case?
20             THE DEFENDANT:  No.
21             THE COURT:  Are you pleading guilty on your own
22   freely because you are in fact guilty?
23             THE DEFENDANT:  Yes.
24             THE COURT:  Do you acknowledge you're guilty of
25   all the charges in this indictment?
```

```
 1                    THE DEFENDANT:  Yes.

 2                    THE COURT:  Now, as to Count 1, I want to make

 3     sure you understand as to Count 1, conspiracy to commit sex

 4     trafficking of a minor, and Counts 2, 3 and 4, sex

 5     trafficking of a minor, they are felony offenses, do you

 6     understand that?

 7                    THE DEFENDANT:  Yes.

 8                    THE COURT:  And do you understand that if I accept

 9     your pleas of guilty this morning and you're adjudged guilty

10     of those offenses, you will be deprived of certain valuable

11     civil rights, do you understand that?

12                    THE DEFENDANT:  Yes.

13                    THE COURT:  You're not allowed to vote, you're not

14     allowed to have a firearm, you're not allowed to have

15     ammunition, there's certain rights you lose as an American

16     citizen, do you understand that?

17                    THE DEFENDANT:  Yes.

18                    THE COURT:  Now in paragraph 3 of the plea

19     agreement, do you understand that the maximum sentence

20     provided by statute for these offenses, first of all, with

21     respect to the conspiracy charge, the maximum sentence

22     provided by statute for Counts 1 through 4 would be a

23     maximum term of life imprisonment and a $250,000 fine, do

24     you understand that?

25                    THE DEFENDANT:  Yes.
```

1        THE COURT:  And there is, also you're subject to a

2   mandatory minimum sentence of ten years.  It will be

3   concurrent on all counts, but you'll be subject to a

4   mandatory minimum sentence of ten years.  Do you understand

5   that?

6        THE DEFENDANT:  Yes.

7        THE COURT:  And, in fact, this plea agreement is

8   structured such that the lawyers have agreed that ten years

9   is the appropriate sentence.  And if I were to feel

10  otherwise, either you or the Government could withdraw your

11  plea of guilty.  But you understand that it's a certainty

12  that you're going to be going to prison as a result of this

13  conviction.  Do you understand that?

14       THE DEFENDANT:  Yes.

15       THE COURT:  And do you also understand that with

16  respect to there is a mandatory minimum period of supervised

17  release of five years for Counts 2 through 4, do you

18  understand that?

19       THE DEFENDANT:  Yes.

20       THE COURT:  Essentially supervised release

21  involves your compliance with certain conditions set by the

22  Court and monitored by the probation office.  And I want to

23  make sure you understand that after you serve your period of

24  incarceration in federal prison, if you were to violate

25  conditions of supervised release you could be given

1    additional time in prison without any credit for time

2    already served.  Do you understand that?

3              THE DEFENDANT:  Yes.

4              THE COURT:  Now, I want to make sure that you

5    understand the process ordinarily here in federal court.

6    And it's a process I will be undertaking with respect to

7    determining if a ten-year sentence is appropriate.  In

8    January of 2005, the United States Supreme Court held in a

9    case of *United States v. Booker* that the federal sentencing

10   guidelines were constitutional.  And the Supreme Court of

11   the United States specifically noted that as a result of its

12   opinion, the federal sentencing guidelines were advisory and

13   were not mandatory upon the Courts.  And they established a

14   standard pursuant to which federal judges should impose a

15   sentence, which is subject to review by courts of appeal for

16   unreasonableness.

17             And then about a year and a half ago the Supreme

18   Court of the United States in the case of *Gall v. United*

19   *States* provided further instruction in terms of federal

20   judges determining the guideline range and then looking at

21   other factors under Title 18 of the United States Code,

22   which contains most but not all of the federal criminal

23   statutes.  And there's a particular section there, Section

24   3553(a) that deals with other factors that I shall consider.

25             That's normally what's done in sentencing here in

1    federal court.  And the reason I mention it to you, Ms.

2    Bell, is that is the same process that I will undertake.  A

3    presentence investigation report will be prepared by Ms.

4    Lisa Spinnicchio, the U.S. Probation Officer who's here in

5    court.  And I will review that presentence report and that's

6    the analysis I will undertake to determine if a ten-year

7    sentence is appropriate.  Do you understand that?

8             THE DEFENDANT:  Yes.

9             THE COURT:  And specifically, do you understand

10   that the Federal Sentencing Guidelines do apply.  And as

11   part of the analysis here, I gather that you and Mr. Risberg

12   have talked about the Federal Sentencing Guidelines; is that

13   correct?

14            THE DEFENDANT:  Yes, we have.

15            THE COURT:  All right.  And you've reached a

16   stipulation in paragraph 7 of the plea agreement, pursuant

17   to which there is anticipated that you would receive an

18   adjusted offense level for each count of 32, and then there

19   would be a three-level increase, as noted in paragraph 7, so

20   you face an offense level of 35.  And then ultimately the

21   Government will not oppose a two-level downward adjustment

22   for your acceptance of responsibility.  And the Government

23   will move for a third level.  So it's anticipated you will

24   have a total offense level of 32.  And, again, that's

25   important because that will be part of the analysis I will

1   undertake to determine if the ten-year sentence is

2   appropriate.  Do you understand that?

3               THE DEFENDANT:  Yes.

4               THE COURT:  Now, pursuant to paragraph 8 of the

5   plea agreement there is no agreement as to your criminal

6   history.  And the Criminal History Category could also

7   affect the analysis that I undertake.  But it's agreed there

8   are no other guideline issues in dispute.  And it's

9   understood in paragraph 10 of the plea agreement, Ms. Bell,

10  that at the time of sentencing the Government will recommend

11  a sentence of 120 months.  And it's agreed by you that

12  that's an appropriate sentence.  Do you understand that?

13              THE DEFENDANT:  Yes, sir.

14              THE COURT:  And paragraph 12 of the plea agreement

15  specifically sets out, pursuant to Rule 11(c)(1)(C) of the

16  Federal Rules of Criminal Procedure, that 120 months is the

17  appropriate sentence.  And as I've said, if I reject that

18  agreement, either side can withdraw a plea of guilty.  You

19  certainly can withdraw your plea of guilty under Rule

20  11(c)(5) of the Federal Rules of Criminal Procedure if I

21  determine that I wanted to sentence you to more than ten

22  years.  And if for any reason I felt I wanted to sentence

23  you to less than 10 years the Government would be free to

24  withdraw from this plea agreement as well, do you understand

25  that?

1              THE DEFENDANT:  Yes.

2              THE COURT:  And do you also understand that as a

3    result of a conviction in this case that you will be

4    required to register as a sex offender wherever you reside

5    and wherever you are employed in compliance with the state

6    of your residence, do you understand that?

7              THE DEFENDANT:  Yes, sir.

8              THE COURT:  And that if you fail to do so you

9    could be subject to new federal and/or state charges, do you

10   understand that?

11             THE DEFENDANT:  Yes.

12             THE COURT:  Do you understand that?

13             THE DEFENDANT:  Yes.

14             THE COURT:  And do you also understand that,

15   again, I'm not going to be able to determine what any kind

16   of advisory guideline range ultimately is until I see the

17   presentence report.

18             Now, Ms. Bell, do you understand that parole has

19   been abolished in the federal system?

20             THE DEFENDANT:  Yes, sir.

21             THE COURT:  There is no parole in the federal

22   system.  In the state system a ten-year might translate out

23   to two or three years in prison followed by a period of

24   parole.  That's not the case in the federal system.  A

25   ten-year sentence is a ten-year sentence.  You can get up to

1    50 days a year of good time credit from the Bureau of

2    Prisons.  But it's really up to the Bureau of Prisons to

3    determine how much time will be deducted from your sentence.

4    And sometimes it could mean, in the case of the ten-year

5    sentence, maybe one year is deducted because of good time

6    credit.  But there is no parole in the federal system.  Do

7    you understand that?

8              THE DEFENDANT:  Yes, sir.

9              THE COURT:  And with respect to any rights of

10   appeal, again, you have waived any right to appeal a

11   ten-year sentence, as has the Government, if I sentence you

12   consistent with the agreed disposition in this case, do you

13   understand that?

14             THE DEFENDANT:  Yes.

15             THE COURT:  Now, nothing would prevent you from

16   challenging an illegal sentence if I were to impose a

17   sentence outside of any statutory framework.

18             There's also reference here in the plea agreement,

19   Ms. Bell, to what's known as the Freedom of Information Act,

20   which is a law that was passed by the United States Congress

21   which permits citizens to seek information from federal

22   agencies with respect to certain matters.  You have had

23   access to discovery in this case with your lawyer, Mr.

24   Risberg, but with respect to any further inquiry of the

25   Government investigation, you waive any right to file any

1    request under the Freedom of Information Act as well.  Do

2    you understand that?

3              THE DEFENDANT:  Yes.

4              THE COURT:  Now, I want to make sure you

5    understand --

6              MR. RISBERG:  Can I just have one moment, Your

7    Honor.

8              THE COURT:  Yes, go ahead, Mr. Risberg.

9              MR. RISBERG:  Okay.  Thank you.

10             THE COURT:  I'm pretty sure that's in the

11   agreement, Mr. Risberg, I thought I saw it.

12             MR. RISBERG:  It is, Your Honor, thank you.  And

13   I'm -- we did review each paragraph, but I just could not

14   recall it.

15             THE COURT:  That's all right.  That's why --

16             MR. RISBERG:  Paragraph 13.

17             THE COURT:  That's why I go through this very

18   carefully and slowly.  So that's fine.

19             Now, as to the waiver of a jury trial, Ms. Bell, I

20   want to make sure you understand that this case is presently

21   set to go to trial, I believe on October 5th; is that

22   correct, Ms. Magnelli?

23             MS. MAGNELLI:  Yes, Your Honor.

24             THE COURT:  And I want to make sure you understand

25   your waiver of a jury trial here, Ms. Bell, and you're

1    waiving your right to a jury trial.  Do you understand that

2    you have a right to plead not guilty to all four charges

3    here in the indictment and continue in that plea of not

4    guilty?  Do you understand that?

5                    THE DEFENDANT:  Yes.

6                    THE COURT:  And do you understand that you have

7    the right to a trial by jury for which 12 people would be

8    selected as jurors?  Do you understand that?

9                    THE DEFENDANT:  Yes, I do.

10                    THE COURT:  A group of people would come in.

11   You'd be able to -- Mr. Risberg would be able to ask

12   questions of them.  And then ultimately a jury would be

13   chosen and we would have 12 jurors here in the jury box and

14   you'd have the right to a jury trial.  Do you understand

15   that?

16                    THE DEFENDANT:  Yes, sir.

17                    THE COURT:  And do you understand that you'd have

18   the right to participate with Mr. Risberg in the selection

19   of a jury in this case?

20                    THE DEFENDANT:  Yes.

21                    THE COURT:  And do you understand that at trial

22   you would be presumed to be innocent?

23                    THE DEFENDANT:  Yes.

24                    THE COURT:  And do you understand that the

25   Government would have to prove your guilt beyond a

1    reasonable doubt?

2         THE DEFENDANT:  Yes, sir.

3         THE COURT:  Do you understand that there would

4    have to be a unanimous verdict of all 12 jurors before you

5    could be convicted of any count, any one of the four counts

6    in this case, do you understand that?

7         THE DEFENDANT:  Yes, sir.

8         THE COURT:  And do you also understand that you

9    have the right to the assistance of Mr. Risberg for your

10   defense, and the right to see and hear all witnesses and to

11   make suggestions to him with respect to the

12   cross-examination of all witnesses?  Do you understand that?

13        THE DEFENDANT:  Yes.

14        THE COURT:  And do you also understand that on

15   your own part you would have the right to decline to testify

16   unless you voluntarily elected to testify in your own

17   defense?

18        THE DEFENDANT:  Yes.

19        THE COURT:  And if you did testify you could be

20   subject to impeachment on cross-examination, and could be

21   questioned by Ms. Magnelli and could be questioned about any

22   prior criminal record that you might have, do you understand

23   that?

24        THE DEFENDANT:  Yes.

25        THE COURT:  Do you also understand that should you

1  decide to go to trial and not testify or put on any

2  evidence, that those facts could not be used against you?

3          THE DEFENDANT:  Yes.

4          THE COURT:  Specifically, it means that I would

5  instruct the jury that you did not testify in the case, and

6  that they should not consider it in any way.  I would advise

7  the jury that the burden's always on the Government and

8  never shifts to the defendant.  And that they should not

9  consider in any way that you did not testify.  I would also

10 testify tell the jury that they should not judge the case

11 just on the number of witnesses, because once again, there

12 is never any burden on a criminal defendant, the burden is

13 always upon the prosecution.  Do you understand that?

14          THE DEFENDANT:  Yes.

15          THE COURT:  And do you understand that you have

16 the right to the issuance of subpoenas for the compulsory

17 process of witnesses.  Meaning, that it's not just the

18 Government which can require witnesses to come in here to

19 the courtroom, you have the right to compel people to come

20 into the courtroom because you're indigent, represented by

21 the Public Defender's Office, at no cost to you Mr. Risberg

22 could file subpoenas with the clerk of the Court.  At a cost

23 to the U.S. Government those subpoenas would be served and

24 witnesses would be required to come in here to testify on

25 your behalf.  Do you understand that?

1           THE DEFENDANT:  Yes, sir.

2           THE COURT:  And if there was a trial in the case

3    and if you were found guilty you could appeal both the

4    verdict of guilty and any sentence that I impose.  There

5    would be no limit to your right of appeal.  Do you

6    understand that?

7           THE DEFENDANT:  Yes, sir.

8           THE COURT:  Do you further understand that by

9    entering this plea of guilty, if that plea is accepted by

10   the Court this morning you will have waived and given up

11   your right to a jury trial, as well as all those other

12   rights that I've just described?

13          THE DEFENDANT:  Yes, sir.

14          THE COURT:  Now, the charge to which you're

15   pleading guilty, I want to make sure you understand the

16   elements of the offenses, and we're going to have a proffer

17   of the facts the Government would be prepared to prove at

18   trial if the case had proceeded to trial, but as to Count 1,

19   conspiracy to commit sex trafficking of a minor in violation

20   of 18 United States Code, Section 1594(c), the elements of

21   that offense are that a conspiracy existed between two or

22   more persons to commit sex trafficking as charged in the

23   indictment; and secondly, that the defendant, that you

24   knowingly and intentionally became a member of that

25   conspiracy.

1    That as to Counts 2, 3 and 4 charging you with sex

2  trafficking of a minor in violation of 18 United States

3  Code, Section 1591(a), the counts for those -- the elements

4  of those counts are as follows:  That first you knowingly;

5  secondly, in and affecting interstate and foreign commerce;

6  thirdly, recruited, enticed, harbored, transported, provided

7  and obtained by any means a minor; fourthly, and that you

8  benefited financially or received anything of value from

9  participation in a venture engaged in such acts; and

10  finally, that you knew that the minor had not yet attained

11  the age of 18 years and would be caused to engage in a

12  commercial sex act.

13    Do you understand the elements of the crimes to

14  which you're entering pleas of guilty, Ms. Bell?

15    THE DEFENDANT:  Yes, I do.

16    THE COURT:  All right.  You may be seated for a

17  moment.  I'll call upon Assistant U.S. Attorney Solette

18  Magnelli to summarize and make a representation concerning

19  the facts the government would be prepared to prove at trial

20  so as to establish an independent factual basis for this

21  plea.  And I would note that there is Attachment A to the

22  plea agreement, which was acknowledged and signed by the

23  defendant.  And those facts as set forth in the plea

24  agreement also establish a factual predicate for this plea.

25    Ms. Magnelli.

1       MS. MAGNELLI: Yes, Your Honor. And, of course,

2  the following facts don't encompass all the evidence the

3  government would put on trial. However, I will summarize

4  page one, talk more specifically about page two of

5  Attachment A. Your Honor, defendant Lea Bell, who is also

6  known by the moniker of Ebony is a resident of Maryland.

7  From at least October 2008 through at least May of 2009 Ms.

8  Bell worked as a quote "bottom" for pimping co-defendant

9  Byron Thompson. Together they ran a prostitution business.

10  In her role as the bottom, Ms. Bell helped control and

11  direct this business. She collected money from customers,

12  trained the sex workers, and wielded control and influence

13  over these women when co-defendant Thompson was absent. She

14  was for all intents and purposes, Your Honor, Thompson's

15  second in command.

16       Bell and Thompson had to do numerous things to

17  further this business. They set prices for different sex

18  acts, they set rules on how to interact with customers and

19  with police should the police be encountered. They scouted

20  and chose hotels, paying for more than a hundred hotel rooms

21  in less than four months during this year alone. They

22  rented hotel rooms in Maryland and elsewhere, such as New

23  York and D.C. All for the purpose of prostitution. They

24  also provided items such as condoms, marijuana, food and

25  clothing to sex workers. They used their own vehicles, as

1    well as rental vehicles, hacks and cabs.  They used public

2    highways, computers, cameras and video equipment to further

3    their business.  They paid for advertisements in erotic

4    services sections on the internet.  They offered more than a

5    hundred ads of prostitution on numerous websites including

6    Craig's list and Back Page.

7             Finally, Your Honor, the defendant and

8    co-defendant, Byron Thompson, used the internet as well as

9    more than a dozen different cell phone numbers to

10   communicate with each other, the sex customers and with the

11   sex workers.  Your Honor, with the money they earned --

12            THE COURT:  Some of those communications were with

13   Ms. Bell as well; is that correct?

14            MS. MAGNELLI:  Yes, Your Honor, they used those

15   phones to communicate with each other as well as sex

16   customers and sex workers.

17            With the money that they earned, these individuals

18   paid for additional hotel rooms, they paid for the rent on

19   the apartment that they shared, utilities and other

20   necessities and luxuries such as jewelry and nice clothing.

21   Ms. Bell and Mr. Thompson recruited sex workers for their

22   business through friends, clubs, bars and on the internet

23   through social networking websites such as Myspace.

24            Your Honor, turning specifically to the minors in

25   this case.  From January and continuing into a February of

2009, the defendant and Thompson prostituted and exerted influence over Jane Doe 3.  They advertised and provided her for sexual services dozens of times during this time period. And they charged a fee for those services which the defendant and co-defendant kept.  They also provided Jane Doe 3 with marijuana, provocative clothing, shelter, food and condoms.  They both personally, being Ms. Bell and co-defendant Thompson, they both personally transported and paid for others to transport Jane Doe 3 to hotels and private residences, and required Jane Doe 3 to walk the truck stops and Baltimore City streets known best for prostitution.  Jane Doe 3 was 17 and still in high school at the time, facts that were known to Ms. Bell.

In March of 2009, Bell and Thompson met Jane Doe 1 and Jane Doe 2.  They were only 15 at the time, a fact also known to the defendant.  On March the 5th, 2009, Bell and Thompson obtained Jane Doe 1, Jane Doe 2, and Jane Doe 3 for the purpose of advertising them on the internet for erotic services and did in fact provide them for commercial sex acts.  Bell and Thompson again provided transportation, clothing, condoms, marijuana, shelter, hotel rooms, food, and a cellular phone number ending in the digits 8179 to the three minors to further their business.  The defendants instructed the minors on the methods and pricing of prostitution, and directed at least two sex customers to

each minor at a Maryland hotel where the minors engaged in
sex acts in exchange for monies that were ultimately paid to
Bell and co-defendant Thompson.  Bell and Thompson kept all
of these monies.

In the early morning hours March 6th, 2009, Ms.
Bell and co-defendant Thompson drove the minors to a
Maryland truck stop and directed them to walk the area for
additional sex customers.  The minors were almost
immediately retrieved by law enforcement from this location,
but Bell and Thompson continued to attempt to contact Jane
Doe 3 through April of 2009.

On or about April the 20th, 2009, Bell and
Thompson created a Craig's list posting advertising sexual
services using the same cellular number ending in digits
8179.  The ads also depicted a photograph of Jane Doe 3
wearing a cherry pattern bra.  Consequently an undercover
officer sent a text message to the 8179 phone number
requesting the female in the photograph, Jane Doe 3.  In
response to defendant and co-defendant Thompson responded
that that particular individual would be available later in
the day.

On or about May the 17th, 2009, the defendant and
co-defendant created a Back Page posting advertising a
quote, "two girl special," and using the same cellular phone
number ending in digits 8179.  The ad also depicted a

1    photograph of Jane Doe 3 wearing a cherry pattern bra as

2    well as a topless photograph of Jane Doe 3.  A photograph of

3    Jane Doe 1 was also posted.  Consequently, the defendants

4    were located and immediately arrested.

5           THE COURT:  Thank you very much, Ms. Magnelli.  If

6    you'll please stand, Ms. Bell.  Are there any additions or

7    modifications, Mr. Risberg?

8           MR. RISBERG:  No, Your Honor.

9           THE COURT:  And I note, Ms. Magnelli, that the

10   U.S. Attorney, Mr. Rod Rosenstein is here in court as well

11   as Sherry Heist, the victim witness coordinator, is that

12   correct, here in court?

13          MS. MAGNELLI:  Yes.

14          THE COURT:  And notice has been provided to the

15   victims of these crimes under the Victim's Crime Act of

16   2004.

17          MS. MAGNELLI:  Yes, Your Honor, they are here.

18          THE COURT:  All right.  And there are some victims

19   of the crime here in court.

20          MS. MAGNELLI:  That's correct, Your Honor.

21          THE COURT:  Thank you very much.  Ms. Bell, was

22   that an accurate summary of the facts in this case?

23          THE DEFENDANT:  Yes, sir.

24          THE COURT:  Did you in fact commit the crimes as

25   summarized by the Government?

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  Do you still wish to plead guilty?

3          THE DEFENDANT:  Yes.

4          THE COURT:  Specifically, Ms. Bell, how do you

5    wish to plead to Counts 1, 2, 3 and 4 of the indictment,

6    guilty or not guilty?

7          THE DEFENDANT:  Guilty.

8          THE COURT:  Mr. Risberg, is there any reason that

9    you know of why this Court should not accept these guilty

10   pleas?

11         MR. RISBERG:  I know of no reason.

12         THE COURT:  All right.  It is the finding of the

13   Court in the case United States versus Lea Bell, criminal

14   number RDB-09-0271 that the defendant is fully competent and

15   capable of entering informed pleas, that the defendant is

16   aware of the nature of the charges and the relevant

17   consequences of her pleas of guilty to all four counts, and

18   that her pleas of guilty to each one of the four counts of

19   the indictment on the advice of competent counsel, with

20   whose services she is satisfied, are knowing and voluntary

21   pleas supported by independent bases in fact sustaining each

22   of the essential elements of the offense as charged.  The

23   pleas are to be accepted and the defendant is now adjudged

24   guilty of the offenses as set forth in the indictment,

25   specifically as to conspiracy to commit sex trafficking of a

1    minor in violation of 18 United States Code, Section

2    1594(c), and three separate counts of sex trafficking of a

3    minor in violation of 18 United States Code, Section

4    1591(a).  And findings of guilty will be entered as to each

5    of those four counts.

6            Ms. Bell, a written presentence investigation

7    report will be prepared by Ms. Lisa Spinnicchio, the U.S.

8    Probation Officer assigned to this case.  And you will be

9    asked to give information for the preparation of that

10   report.  And Mr. Risberg, your attorney, the Assistant

11   Federal Public Defender, will be with you when you meet with

12   Ms. Spinnicchio.  The -- I'll permit both you and Mr.

13   Risberg to read the presentence investigation report and to

14   file any objections to it, as will Ms. Magnelli also be

15   automobile to note any objections before I even see it.  And

16   then both you and Mr. Risberg will be afforded the

17   opportunity to speak on your behalf at the sentencing

18   hearing.  So I will refer you to the U.S. Probation Office

19   for a presentence investigation and report.  And as I've

20   said, if for any reason I, after reviewing that report, feel

21   that I have any difficulty with the ten-year sentence then I

22   will so notify counsel.  Your date of sentencing will be

23   Friday October 16th at 11:00 o'clock.  I'm sorry, I had down

24   10:00, is this 11:00 or 10:00 o'clock.  My computer's not

25   hooked up.

1          THE CLERK:  It says 11:00, Judge.

2          THE COURT:  All right.  11:00 o'clock.  It will be

3     Friday, October 16th, 2009, at 11:00 o'clock.  Is that

4     agreeable to you, Ms. Magnelli?

5          MS. MAGNELLI:  Yes, Your Honor.

6          THE COURT:  Is that agreeable with you, Mr.

7     Risberg?

8          MR. RISBERG:  Yes, Your Honor.

9          THE COURT:  All right.  So that will be the date

10    of sentencing.  If either side desires to call any

11    witnesses, you should notify the other side as well as the

12    Court by Tuesday October 13th with a statement containing

13    the names of witnesses and a synopsis of their anticipated

14    testimony.  The presentence report shall be -- the first

15    draft shall be provided to counsel by September the 8th, any

16    objections shall be noted by September 22nd, and the final

17    presentence report should be to me by October the 5th of

18    this year.  And I'll sign the sentencing order to that

19    effect.

20          The defendant has been detained since May the 18th

21    of this year by order of Magistrate Judge Gauvey.  And in

22    light of the factors under 3143(a) of Title 18 she shall

23    remain in custody.  She is in federal custody, correct, Ms.

24    Magnelli?

25          MS. MAGNELLI:  Yes, Your Honor.

1          THE COURT:  All right.  Ms. Bell, as I'm sure Mr.

2     Risberg has explained to you, you'll get credit for time

3     served in federal custody since May 18th, 2009, when I

4     ultimately impose sentence in October.  You're getting

5     credit right now for time served in federal custody.

6          Is there anything further from the point of view

7     of the Government, Ms. Magnelli?

8          MS. MAGNELLI:  No, Your Honor.

9          THE COURT:  Anything further from the point of

10    view of the defense, Mr. Risberg?

11          MR. RISBERG:  No.

12          THE COURT:  This Court stands adjourned.

13          (The proceedings were concluded.)

14

15          I, Christine Asif, RPR, CRR, do hereby certify
      that the foregoing is a correct transcript from the
16    stenographic record of proceedings in the above-entitled
      matter.

17          _____/s/_____
                   Christine T. Asif
18                 Official Court Reporter

19

20

21

22

23

24

25

< Dates >
July 20, 2009
   8:2.
June 4th, 2009
   4:10.
March 6th, 2009
   27:5.
May 18th, 2009
   32:3.
October 16th
   30:23.
October 16th, 2009
   31:3.
October 2008
   24:7.
October 5th
   18:21.
October. 32:4.
September 22nd
   31:16.
"two 27:24.
$250,000 11:23.
.
.
< 0 >.
09 1:13.
.
.
< 1 >.
1 2:20, 4:11,
   4:19, 8:5, 11:2,
   11:3, 11:22,
   22:18, 26:14,
   26:17, 28:3,
   29:5.
1. 8:10.
10 15:9, 15:23.
10:00 30:24.
11(c)(1)(c 3:4,
   15:15.
11(c)(5 15:20.
11:00 30:23,
   30:24, 31:1,
   31:2, 31:3.
11th 5:9.
12 9:25, 15:14,
   19:7, 19:13,
   20:4.
120 3:6, 15:11,
   15:16.

13. 18:16.
13th 31:12.
15 26:15.
1591(a 23:3,
   30:4.
1594(c 22:20,
   30:2.
17 26:12.
17th 27:22.
18 13:21, 22:20,
   23:2, 23:11,
   30:1, 30:3,
   31:22.
18th 31:20.
1980. 4:9, 4:10.
.
.
< 2 >.
2 11:4, 12:17,
   23:1, 26:17,
   29:5.
2. 26:15.
20 1:13.
2004. 28:16.
2005 13:8.
2009 24:7, 26:1,
   26:14, 26:16,
   27:12, 27:22.
2009. 27:11.
20th 27:12.
29. 4:7.
.
.
< 3 >.
3 11:4, 11:18,
   23:1, 26:6,
   26:9, 26:10,
   26:12, 26:17,
   27:11, 27:15,
   28:1, 29:5.
3. 26:2, 27:18,
   28:2.
3143(a 31:22.
32 14:18.
32. 14:24.
35. 14:20.
3553(a 13:24.
.
.
< 4 >.

4 4:11, 11:4,
   11:22, 12:17,
   23:1, 29:5.
4. 4:20.
.
.
< 5 >.
50 17:1.
5th 26:16,
   31:17.
.
.
< 7 >.
7 8:17, 14:16,
   14:19.
.
.
< 8 >.
8 15:4.
8179 26:22,
   27:17.
8179. 27:15,
   27:25.
8th 31:15.
.
.
< 9 >.
9 8:22.
_____/s/_____
   _____
   32:20.
.
.
< A >.
A. 24:5.
able 16:15,
   19:11.
abolished 16:19.
above-entitled
   1:18, 32:17.
absent 24:13.
accept 10:5,
   10:16, 11:8,
   29:9.
acceptance
   14:22.
accepted 22:9,
   29:23.
access 17:23.
accurate 28:22.

acknowledge 10:24.
acknowledged 23:22.
Act 17:19, 18:1, 23:12, 28:15.
acts 23:9, 24:18, 26:20, 27:2.
ad 27:25.
addiction 5:16.
additional 13:1, 25:18, 27:8.
additions 28:6.
adjourned 32:12.
adjudged 11:9, 29:23.
adjusted 14:18.
adjustment 14:21.
ads 25:5, 27:15.
advertised 26:2.
advertisements 25:3.
advertising 26:18, 27:13, 27:23.
advice 7:2, 7:10, 29:19.
advise 21:6.
advised 7:25.
advisory 13:12, 16:16.
affect 15:7.
affecting 23:5.
afforded 30:16.
AFPD 1:38.
age 4:6, 23:11.
agencies 17:22.
Agent 1:41, 2:8, 2:11.
ago 13:17.
agreeable 31:4, 31:6.
agreed 3:6, 8:21, 12:8, 15:7, 15:11, 17:12.
agreement 8:1, 8:13, 8:17, 9:3, 9:5, 9:9, 11:19, 12:7, 14:16, 15:5, 15:9,

15:14, 15:18, 15:24, 17:18, 18:11, 23:22, 23:24.
ahead 18:8.
alcoholic 6:4.
allowed 11:13, 11:14.
almost 27:8.
alone 24:21.
already 13:2.
AMERICA 1:5.
American 5:10, 11:15.
ammunition 11:15.
analysis 14:6, 14:11, 14:25, 15:7.
and/or 16:9.
answer 4:25, 5:5.
answered 7:15.
answers 4:25.
anticipated 14:17, 14:23, 31:13.
anxiety 5:18.
apartment 25:19.
appeal 6:23, 13:15, 17:10, 22:3, 22:5.
apply 14:10.
appropriate 3:7, 3:17, 12:9, 13:7, 14:7, 15:2, 15:12, 15:17.
April 27:11, 27:12.
area 27:7.
arraigned 4:11.
arrested 28:4.
Asif 1:47, 32:15, 32:21.
assigned 30:8.
assistance 20:9.
Assistant 5:7, 8:2, 8:3, 23:17, 30:10.
assurances 9:1.

Attachment 8:20, 23:21, 24:5.
attained 23:10.
attempt 27:10.
Attorney 6:18, 8:3, 23:17, 28:10, 30:10.
AUSA 1:33.
automobile 30:15.
available 27:20.
aware 29:16.
.
.
< B >.
Back 2:16, 25:6, 27:23.
Baltimore 1:11, 26:11.
bars 25:22.
bases 29:21.
basis 23:20.
became 22:24.
behalf 2:12, 2:14, 21:25, 30:17.
believe 18:21.
Benadryl 6:2.
benefited 23:8.
Bennett 1:20, 2:13.
best 26:11.
beverage 6:5.
beyond 19:25.
Booker 13:9.
born 4:8.
bottom 24:8, 24:10.
box 10:1, 19:13.
bra 27:16, 28:1.
burden 21:7, 21:12.
Bureau 17:1, 17:2.
business 24:9, 24:11, 24:17, 25:3, 25:22, 26:23.
Byron 24:9, 25:8.
.

35

. 
< C >.
cabs 25:1.
call 2:2, 2:3,
  6:22, 23:17,
  31:10.
cameras 25:2.
capable 29:15.
careful 10:4.
carefully 18:18.
Category 15:6.
caused 23:11.
Celexa 6:1.
cell 25:9.
cellular 26:22,
  27:14, 27:24.
certain 11:10,
  11:15, 12:21,
  17:22.
certainly 15:19.
certainty 12:11.
certify 32:15.
challenge 10:14.
challenging
  17:16.
change 4:12.
charge 11:21,
  22:14.
charged 2:20,
  10:8, 22:22,
  26:4, 29:22.
charges 6:13,
  6:18, 10:25,
  16:9, 19:2,
  29:16.
charging 6:13,
  23:1.
cherry 27:16,
  28:1.
chose 24:20.
chosen 19:13.
Christine 1:47,
  32:15, 32:21.
citizen 5:10,
  11:16.
citizens 17:21.
City 26:11.
civil 11:11.
CLERK 3:24, 3:25,
  4:3, 4:5, 4:6,

4:8, 4:10, 4:15,
  4:17, 4:19, 8:4,
  21:22, 31:1.
client 6:8,
  9:10.
Clonodine 6:1.
clothing 24:25,
  25:20, 26:6,
  26:21.
clubs 25:22.
co-defendant 24:8,
  24:13, 25:8,
  26:5, 26:8,
  27:3, 27:6,
  27:19, 27:23.
Code 13:21, 22:20,
  23:3, 30:1,
  30:3.
collected 24:11.
command 24:15.
commerce 23:5.
commercial 23:12,
  26:19.
commit 2:20, 6:14,
  11:3, 22:19,
  22:22, 28:24,
  29:25.
communicate 25:10,
  25:15.
communications
  25:12.
compel 21:19.
competent 6:8,
  29:14, 29:19.
complete 9:5,
  9:9.
compliance 12:21,
  16:5.
compulsory
  21:16.
computer 30:24.
computers 25:2.
concerning 7:16,
  23:18.
concluded.
  32:13.
concurrent 12:3.
conditions 12:21,
  12:25.
condoms 24:24,

26:7, 26:21.
Congress 17:20.
consequences
  29:17.
Consequently
  27:16, 28:3.
consider 13:24,
  21:6, 21:9.
consistent
  17:12.
conspiracy 2:19,
  6:14, 11:3,
  11:21, 22:19,
  22:21, 22:25,
  29:25.
constitutional
  13:10.
contact 27:10.
containing
  31:12.
contains 13:22.
continue 19:3.
continued 27:10.
continuing
  25:25.
control 24:10,
  24:12.
convicted 20:5.
conviction 12:13,
  16:3.
coordinator
  28:11.
copy 6:12.
Correct 2:24, 3:1,
  3:8, 3:10,
  14:13, 18:22,
  25:13, 28:12,
  28:20, 31:23,
  32:16.
correctly 8:7.
cost 21:21,
  21:22.
counsel 2:8, 3:6,
  29:19, 30:22,
  31:15.
Count 2:20, 6:12,
  11:2, 11:3,
  14:18, 20:5,
  22:18.
Counts 2:21, 2:23,

4:11, 4:17, 4:19, 6:15, 11:4, 11:22, 12:3, 12:17, 20:5, 23:1, 23:3, 23:4, 29:5, 29:17, 29:18, 30:2, 30:5.
course 24:1.
courtroom 2:14, 21:19, 21:20.
Courts 13:13, 13:15.
Craig 25:6, 27:13.
created 27:13, 27:23.
credit 13:1, 17:1, 17:6, 32:2, 32:5.
Crime 28:15, 28:19.
crimes 10:9, 23:13, 28:15, 28:24.
Criminal 1:5, 2:6, 3:5, 13:22, 15:5, 15:6, 15:16, 15:20, 20:22, 21:12, 29:13.
cross-examination 20:12, 20:20.
CRR 1:47, 32:15.
currently 5:20, 6:3.
custody 31:23, 32:3, 32:5.
customers 24:11, 24:18, 25:10, 25:16, 26:25, 27:8.
.
.
< D >.
D. 1:20.
date 30:22, 31:9.
day 27:21.

days 17:1.
deals 13:24.
decide 21:1.
decline 20:15.
deducted 17:3, 17:5.
defendants 26:23, 28:3.
Defender 5:8, 8:4, 21:21, 30:11.
defense 20:10, 20:17, 32:10.
depicted 27:15, 27:25.
depression 5:19.
deprived 11:10.
described 22:12.
desires 31:10.
detained 31:20.
determine 3:16, 10:1, 14:6, 15:1, 15:21, 16:15, 17:3.
determining 13:7, 13:20.
different 24:17, 25:9.
difficulty 30:21.
digits 26:22, 27:14, 27:25.
direct 24:11.
directed 26:25, 27:7.
discovery 17:23.
discuss 8:13.
discussed 6:17, 6:20.
disposition 17:12.
dispute 15:8.
District 1:1, 1:2, 1:22.
DIVISION 1:3.
Doe 26:2, 26:6, 26:9, 26:10, 26:12, 26:14, 26:15, 26:17, 27:11, 27:15, 27:18, 28:1,

28:2, 28:3.
done 7:13, 13:25.
doubt 20:1.
down 4:3, 4:4, 8:5, 8:6, 30:23.
downward 14:21.
dozen 25:9.
dozens 26:3.
draft 31:15.
drove 27:6.
drugs 5:16, 6:4.
during 24:21, 26:3.
.
.
< E >.
early 27:5.
earned 25:11, 25:17.
Ebony 24:6.
Ed 1:41, 2:8.
effect 31:19.
effort 9:1.
either 12:10, 15:18, 31:10.
elected 20:16.
elements 22:16, 22:20, 23:3, 23:13, 29:22.
elsewhere 24:22.
employed 16:5.
encompass 24:2.
encountered 24:19.
ending 26:22, 27:14, 27:25.
enforcement 27:9.
engage 23:11.
engaged 23:9, 27:1.
English 5:12.
entered 30:4.
entering 22:9, 23:14, 29:15.
enticed 23:6.
equipment 25:2.
erotic 25:3,

26:18.
essential 29:22.
Essentially 2:22,
   12:20.
establish 23:20,
   23:24.
established
   13:13.
evidence 6:21,
   7:18, 7:19,
   21:2, 24:2.
exchange 27:2.
exerted 26:1.
Exhibit 8:5,
   8:10.
existed 22:21.
Explain 3:13,
   3:15, 7:10.
explained 32:2.
.
.
< F >.
face 14:20.
fact 8:16, 9:17,
   10:9, 10:22,
   12:7, 26:15,
   26:19, 28:24,
   29:21.
factors 13:21,
   13:24, 31:22.
facts 8:21, 21:2,
   22:17, 23:19,
   23:23, 24:2,
   26:13, 28:22.
factual 23:20,
   23:24.
fail 16:8.
false 5:2.
falsely 4:25.
far 5:8, 7:4,
   7:7.
February 25:25.
Federal 3:5, 5:7,
   8:3, 12:24,
   13:5, 13:9,
   13:12, 13:14,
   13:19, 13:22,
   14:1, 14:10,
   14:12, 15:16,
   15:20, 16:9,

16:19, 16:21,
   16:24, 17:6,
   17:21, 30:11,
   31:23, 32:3,
   32:5.
fee 26:4.
feel 12:9,
   30:20.
felony 11:5.
felt 15:22.
female 27:18.
file 17:25, 21:22,
   30:14.
final 31:16.
Finally 23:10,
   25:7.
financially
   23:8.
finding 29:12.
findings 30:4.
fine 11:23,
   18:18.
firearm 11:14.
first 8:17, 11:20,
   23:4, 31:14.
five 12:17.
followed 16:23.
following 24:2.
follows 23:4.
food 24:24, 26:6,
   26:21.
force 9:13,
   10:19.
foregoing 32:16.
foreign 23:5.
forth 8:1, 9:2,
   9:9, 23:23,
   29:24.
found 6:24,
   22:3.
four 2:23, 4:17,
   6:12, 19:2,
   20:5, 24:21,
   29:17, 29:18,
   30:5.
fourthly 23:7.
framework 17:17.
free 15:23.
Freedom 17:19,
   18:1.

freely 9:17,
   10:22.
Friday 30:23,
   31:3.
friends 25:22.
fully 6:17, 7:1,
   7:22, 29:14.
.
.
< G >.
Gall 13:18.
gather 14:11.
Gauvey 31:21.
getting 32:4.
girl 27:24.
give 3:17, 30:9.
given 7:3, 12:25,
   22:10.
Government 1:31,
   2:7, 7:19, 8:5,
   8:10, 9:6, 9:10,
   12:10, 14:21,
   14:22, 15:10,
   15:23, 17:11,
   17:25, 19:25,
   21:7, 21:18,
   21:23, 22:17,
   23:19, 24:3,
   28:25, 32:7.
grade 5:9.
group 19:10.
guess 10:14.
guideline 13:20,
   15:8, 16:16.
Guidelines 13:10,
   13:12, 14:10,
   14:12.
guilt 10:2,
   19:25.
.
.
< H >.
hacks 25:1.
half 13:17.
hand 3:25, 4:3,
   4:4.
harbored 23:6.
hear 20:10.
hearing 30:18.
Heist 28:11.

held 13:8.
helped 24:10.
hereby 32:15.
hesitation 9:21,
    9:23, 10:5,
    10:13, 10:15.
high 26:12.
highways 25:2.
History 15:6.
Honor 2:2, 2:5,
    2:8, 2:25, 3:9,
    6:10, 18:7,
    18:12, 18:23,
    24:1, 24:5,
    24:14, 25:7,
    25:11, 25:14,
    25:24, 28:8,
    28:17, 28:20,
    31:5, 31:8,
    31:25, 32:8.
Honorable 1:20.
hooked 30:25.
hotel 24:20,
    24:22, 25:18,
    26:21, 27:1.
hotels 24:20,
    26:9.
hours 27:5.
hundred 24:20,
    25:5.
hurry 5:6.
.
.
< I >.
ICE 1:41, 2:8.
illegal 17:16.
illness 15:16.
immediately 27:9,
    28:4.
impeachment
    20:20.
important 5:4,
    14:25.
impose 13:14,
    17:16, 22:4,
    32:4.
imprisonment
    11:23.
in. 19:10.
incarceration

12:24.
including 6:21,
    25:5.
increase 14:19.
independent 23:20,
    29:21.
indictment 2:23,
    4:12, 6:12,
    10:25, 19:3,
    22:23, 29:5,
    29:19, 29:24.
indigent 21:20.
individual
    27:20.
individuals
    25:17.
induce 9:1.
influence 5:21,
    6:4, 24:12,
    26:2.
Information 17:19,
    17:21, 18:1,
    30:9.
informed 29:15.
innocence 10:2.
innocent 19:22.
inquiry 17:24.
instruct 21:5.
instructed
    26:24.
instruction
    13:19.
intentionally
    22:24.
intents 24:14.
interact 24:18.
internet 25:4,
    25:8, 25:22,
    26:18.
interstate 23:5.
investigation
    14:3, 17:25,
    30:6, 30:13,
    30:19.
involves 12:21.
issuance 21:16.
issues 15:8.
items 24:24.
.
.

< J >.
Jane 26:2, 26:5,
    26:9, 26:10,
    26:12, 26:14,
    26:15, 26:17,
    27:10, 27:15,
    27:18, 28:1,
    28:2, 28:3.
January 13:8,
    25:25.
Jeff 2:13, 8:4.
Jeffrey Earl
    Risberg 1:38.
jewelry 25:20.
Judge 1:22, 2:13,
    21:10, 31:1,
    31:21.
judges 13:14,
    13:20.
July 28th 1:13.
jurors 19:8,
    19:13, 20:4.
jury 10:1, 18:19,
    18:25, 19:1,
    19:7, 19:12,
    19:13, 19:14,
    19:19, 21:5,
    21:7, 21:10,
    22:11.
.
.
< K >.
keep 3:21.
Kelly 1:41, 2:8,
    2:11.
kept 26:5, 27:3.
kind 5:17, 6:5,
    16:15.
knowing 29:20.
knowingly 22:24,
    23:4.
known 17:19, 24:6,
    26:11, 26:13,
    26:16.
.
.
< L >.
language 5:13.
later 5:1, 10:14,
    27:20.

latitude 3:18.
law 17:20, 27:9.
lawyer 17:23.
lawyers 12:8.
Lea 2:6, 2:14,
    4:5, 24:5,
    29:13.
LEA SHAWNAY BELL
    1:11.
least 24:7,
    26:25.
leave 4:4.
less 15:23,
    24:21.
letter 8:2, 8:10,
    9:3.
level 14:18,
    14:20, 14:23,
    14:24.
life 11:23.
light 31:22.
limit 22:5.
Lisa 1:42, 14:4,
    30:7.
list 25:6,
    27:13.
located 28:4.
location 27:9.
looking 13:20.
lose 11:15.
luxuries 25:20.
.

< M >.
Ma'am 3:25, 4:2,
    4:6.
madame 3:24.
Magistrate
    31:21.
Magnelli 2:3, 2:7,
    2:10, 2:24, 3:8,
    8:3, 8:6, 18:22,
    20:21, 23:18,
    23:25, 28:5,
    28:9, 30:14,
    31:4, 31:24,
    32:7.
mandatory 12:2,
    12:4, 12:16,
    13:13.

March 26:14,
    26:16.
marijuana 24:24,
    26:6, 26:21.
marked 8:5,
    8:10.
Maryland 1:2,
    1:11, 24:6,
    24:22, 27:1,
    27:7.
matter 32:18.
matters 17:22.
maximum 11:19,
    11:21, 11:23.
mean 17:4.
Meaning 21:17.
means 3:14, 21:4,
    23:7.
medication 5:18,
    5:21, 5:24,
    6:4.
meet 30:11.
member 22:24.
mental 5:16.
mention 14:1.
message 27:17.
met 26:14.
methods 26:24.
minimum 12:2,
    12:4, 12:16.
minor 2:20, 2:21,
    6:14, 6:15,
    11:4, 11:5,
    22:19, 23:2,
    23:7, 23:10,
    27:1, 30:1,
    30:3.
minors 25:24,
    26:23, 26:24,
    27:1, 27:6,
    27:8.
modifications
    28:7.
moment 18:6,
    23:17.
money 24:11,
    25:11, 25:17.
monies 27:2,
    27:4.
moniker 24:6.

monitored 12:22.
months 3:6, 15:11,
    15:16, 24:21.
morning 2:9, 2:11,
    2:13, 2:17,
    3:16, 5:6, 5:22,
    6:9, 11:9,
    22:10, 27:5.
move 14:23.
MR. RISBERG 3:2,
    3:11, 6:10,
    9:11, 18:6,
    18:9, 18:12,
    18:16, 28:8,
    29:11, 31:8,
    32:11.
MS. MAGNELLI 2:2,
    2:5, 2:25, 3:9,
    8:8, 18:23,
    24:1, 25:14,
    28:13, 28:17,
    28:20, 31:5,
    31:25, 32:8.
Myspace 25:23.
.

.
< N >.
name 4:4, 8:7.
names 31:13.
narcotic 5:16.
nature 7:16,
    29:16.
necessities
    25:20.
networking
    25:23.
New 16:9, 24:22.
Nice 2:10, 2:11,
    2:16, 2:17,
    25:20.
No. 1:5, 5:23,
    6:6, 7:14, 9:4,
    9:15, 10:20,
    32:11.
normally 13:25.
NORTHERN 1:3.
note 8:22, 23:21,
    28:9, 30:15.
noted 13:11,
    14:19, 31:16.

nothing 17:15.
notice 28:14.
notify 30:22,
    31:11.
number 2:6, 21:11,
    26:22, 27:14,
    27:17, 27:25,
    29:14.
numbers 25:9.
numerous 24:16,
    25:5.
.
.
< O >.
o'clock 30:23,
    30:24, 31:2,
    31:3.
oath 4:22.
objections 30:14,
    30:15, 31:16.
obtained 23:7,
    26:17.
October 31:12,
    31:17.
offender 16:4.
offense 10:10,
    14:18, 14:20,
    14:24, 22:21,
    29:22.
offenses 11:5,
    11:10, 11:20,
    22:16, 29:24.
offered 25:4.
Office 12:22,
    21:21, 30:18.
Officer 14:4,
    27:17, 30:8.
Official 1:49,
    32:22.
Okay 18:9.
once 21:11.
one 17:5, 18:6,
    20:5, 24:4,
    29:18.
opinion 13:12.
opportunity 8:12,
    30:17.
oppose 14:21.
order 31:18,
    31:21.

ordinarily 13:5.
original 8:6,
    8:10.
others 26:9.
otherwise 9:25,
    12:10.
outside 17:17.
own 7:11, 9:16,
    10:21, 20:15,
    20:16, 24:25.
.
.
< P >.
Page 8:17, 8:22,
    24:4, 25:6,
    27:23.
paid 25:3, 25:18,
    26:9, 27:2.
Paragraph 11:18,
    14:16, 14:19,
    15:4, 15:9,
    15:14, 18:13,
    18:16.
parole 16:18,
    16:21, 16:24,
    17:6.
part 14:11, 14:25,
    20:15.
participate
    19:18.
participation
    23:9.
particular 13:23,
    27:20.
passed 17:20.
pattern 27:16,
    28:1.
paying 24:20.
people 9:25, 19:7,
    19:10, 21:19.
period 12:16,
    12:23, 16:23,
    26:3.
perjury 5:1.
permit 30:12.
permits 17:21.
personally 26:7,
    26:8.
persons 22:22.
phone 25:9, 26:22,

    27:17, 27:24.
phones 25:15.
photograph 27:15,
    27:18, 28:1,
    28:2.
pimping 24:8.
Plaintiff 1:7.
plead 2:23, 4:15,
    9:1, 9:13,
    10:19, 19:2,
    29:2, 29:5.
pleading 9:16,
    10:10, 10:21,
    22:15.
pleas 11:9, 23:14,
    29:10, 29:15,
    29:17, 29:18,
    29:21, 29:23.
Please 2:4, 3:25,
    4:3, 28:6.
pled 4:11.
point 32:6,
    32:9.
police 24:19.
possibility
    6:23.
posted 28:3.
posting 27:13,
    27:23.
predicate 23:24.
preparation
    30:9.
prepared 14:3,
    22:17, 23:19,
    30:7.
Present 1:41,
    7:19.
presentence 14:3,
    14:5, 16:17,
    30:6, 30:13,
    30:19, 31:14,
    31:17.
presently 18:20.
presumed 19:22.
pretty 18:10.
prevent 17:15.
prices 24:17.
pricing 26:24.
prior 20:22.
prison 10:9,

10:11, 12:12,
12:24, 13:1,
16:23.
Prisons 17:2.
private 26:10.
Probation 1:42,
12:22, 14:4,
30:8, 30:18.
Procedure 3:5,
15:16, 15:20.
proceed 2:18,
3:15, 3:24,
6:8.
proceeded 6:22,
22:18.
proceedings 3:16,
32:13, 32:17.
process 3:13,
13:5, 13:6,
14:2, 21:17.
proffer 2:22,
22:16.
proffered 2:19,
3:4.
proffering 9:23.
promises 8:25.
pronounce 8:7.
prosecution 5:1,
21:13.
prostituted
26:1.
prostitution 24:9,
24:23, 25:5,
26:12, 26:25.
prove 19:25,
22:17, 23:19.
provide 26:19.
provided 11:20,
11:22, 13:19,
23:6, 24:24,
26:2, 26:5,
26:20, 28:14,
31:15.
provocative
26:6.
Public 5:7, 8:3,
21:21, 25:1,
30:11.
purpose 24:23,
26:18.

purposes 24:14.
pursuant 3:4, 3:5,
13:14, 14:16,
15:4, 15:15.
put 4:3, 10:1,
21:1, 24:3.
.
.
< Q >.
questioned
20:21.
questions 4:25,
5:5, 5:6, 7:16,
19:12.
quote 24:8,
27:24.
.
.
< R >.
raise 3:25.
ran 24:9.
range 13:20,
16:16.
RDB-09-0271 1:7.
RDB-09-0271 2:6,
29:14.
re-arraignment
1:18, 2:9.
reached 14:15.
read 5:12, 8:13,
30:13.
ready 2:18,
3:23.
really 10:4,
17:2.
reason 7:11, 14:1,
15:22, 29:8,
29:11, 30:20.
reasonable 20:1.
recall 18:14.
receive 3:14,
14:17.
received 6:11,
23:8.
recently 5:15.
recommend 15:10.
record 20:22,
32:17.
recruited 23:6,
25:21.

refer 30:18.
reference 17:18.
register 16:4.
reject 15:17.
release 12:17,
12:20, 12:25.
relevant 29:16.
remain 31:23.
rent 25:18.
rental 25:1.
rented 24:22.
report 14:3, 14:5,
16:17, 30:7,
30:10, 30:13,
30:19, 30:20,
31:14, 31:17.
Reporter 1:49,
32:22.
representation
7:2, 7:10, 7:12,
10:14, 23:18.
represented
21:20.
request 18:1.
requesting
27:18.
require 21:18.
required 16:4,
21:24, 26:10.
reside 16:4.
residence 16:6.
residences
26:10.
resident 24:6.
respect 8:21,
11:21, 12:16,
13:6, 17:9,
17:22, 17:24,
20:11.
responded 27:19.
response 27:19.
responsibility
14:22.
result 10:9,
12:12, 13:11,
16:3.
retrieved 27:9.
review 13:15,
14:5, 18:13.
reviewing 30:20.

Richard 1:20.
rights 11:11,
    11:15, 17:9,
    22:12.
Risberg 2:13,
    2:14, 2:16, 3:1,
    3:10, 5:7, 6:7,
    6:18, 7:2, 8:4,
    8:11, 8:13, 9:8,
    10:15, 14:11,
    17:24, 18:8,
    18:11, 19:11,
    19:18, 20:9,
    21:21, 28:7,
    29:8, 30:10,
    30:13, 30:16,
    31:7, 32:2,
    32:10.
Rod 28:10.
role 24:10.
rooms 24:20,
    24:22, 25:18,
    26:21.
Rosenstein
    28:10.
RPR 1:47, 32:15.
Rule 3:4, 15:15,
    15:19.
Rules 3:5, 15:16,
    15:20, 24:18.
.
.
< S >.
satisfaction
    7:11.
satisfied 6:7,
    7:1, 7:10, 7:23,
    9:8, 9:24,
    29:20.
saw 18:11.
says 31:1.
school 5:8,
    26:12.
scouted 24:19.
Seated 2:7,
    23:16.
second 10:14,
    24:15.
secondly 22:23,
    23:5.

Section 13:23,
    22:20, 23:3,
    30:1, 30:3.
sections 25:4.
seek 17:21.
selected 19:8.
selection 19:18.
sent 27:17.
sentence 3:6, 3:7,
    3:14, 3:17,
    11:19, 11:21,
    12:2, 12:4,
    12:9, 13:7,
    13:15, 14:7,
    15:1, 15:11,
    15:12, 15:17,
    15:21, 15:22,
    16:25, 17:3,
    17:5, 17:11,
    17:16, 17:17,
    22:4, 30:21,
    32:4.
Sentencing 13:9,
    13:12, 13:25,
    14:10, 14:12,
    15:10, 30:17,
    30:22, 31:10,
    31:18.
separate 30:2.
September 31:15.
serious 10:8.
serve 12:23.
served 13:2,
    21:23, 32:3,
    32:5.
services 7:23,
    25:4, 26:3,
    26:4, 26:19,
    27:14, 29:20.
set 8:1, 9:2,
    12:21, 18:21,
    23:23, 24:17,
    24:18, 29:24.
sets 9:9, 15:15.
sex 2:20, 2:21,
    6:14, 6:15,
    11:3, 11:4,
    16:4, 22:19,
    22:22, 23:1,
    23:12, 24:12,

    24:17, 24:25,
    25:10, 25:11,
    25:15, 25:16,
    25:21, 26:19,
    26:25, 27:2,
    27:8, 29:25,
    30:2.
sexual 26:3,
    27:13.
shall 13:24,
    31:14, 31:15,
    31:16, 31:22.
shared 25:19.
Shawnay 4:5.
shelter 26:6,
    26:21.
Sherry 28:11.
shifts 21:8.
side 15:18, 31:10,
    31:11.
sign 31:18.
signature 8:16,
    8:18, 8:22,
    8:23.
signed 8:14,
    23:22.
sir 5:14, 6:16,
    8:15, 8:19,
    8:24, 10:17,
    15:13, 16:7,
    16:20, 17:8,
    19:16, 20:2,
    20:7, 22:1,
    22:7, 22:13,
    28:23, 29:1.
situation 6:20.
slowly 18:18.
social 25:23.
Solette 2:7, 8:3,
    8:8, 8:9,
    23:17.
Solette A.
    Magnelli 1:33.
sometimes 17:4.
sorry 4:16, 7:5,
    9:19, 30:23.
Special 1:41, 2:8,
    27:24.
Specifically
    13:11, 14:9,

15:15, 21:4,
24:4, 25:24,
29:4, 29:25.
Spinnicchio 1:42,
14:4, 30:7,
30:12.
stand 28:6.
standard 13:14.
stands 32:12.
state 4:4, 16:5,
16:9, 16:22.
statement 8:21,
31:12.
statements 5:2.
States 1:1, 1:5,
1:20, 2:6, 8:2,
13:8, 13:9,
13:11, 13:18,
13:19, 13:21,
17:20, 22:20,
23:2, 29:13,
30:1, 30:3.
statute 11:20,
11:22.
statutes 13:23.
statutory 17:17.
stenographic
32:17.
stipulation
14:16.
stop 5:6, 27:7.
stops 26:11.
streets 26:11.
structured 12:8.
subject 12:1,
12:3, 13:15,
16:9, 20:20.
subpoenas 21:16,
21:22, 21:23.
suggestions
20:11.
summarize 23:18,
24:3.
summarized
28:25.
summary 28:22.
supervised 12:16,
12:20, 12:25.
supported 29:21.
Supreme 13:8,

13:10, 13:17.
sustaining
29:21.
sworn. 4:1.
synopsis 31:13.
system 16:19,
16:22, 16:24,
17:6.
.
.
< T >.
T. 1:47, 32:21.
table 2:8.
talked 14:12.
ten 3:6, 10:11,
12:2, 12:4,
12:8, 15:21.
ten-year 13:7,
14:6, 15:1,
16:22, 16:25,
17:4, 17:11,
30:21.
term 11:23.
terms 13:19.
testify 20:15,
20:16, 20:19,
21:1, 21:5,
21:9, 21:10,
21:24.
testimony 31:14.
text 27:17.
third 14:23.
thirdly 23:6.
Thompson 24:9,
24:13, 24:14,
24:16, 25:8,
25:21, 26:1,
26:8, 26:14,
26:17, 26:20,
27:3, 27:6,
27:10, 27:13,
27:19.
threaten 9:13.
three 2:21, 6:15,
16:23, 26:23,
30:2.
three-level
14:19.
Title 13:21,
31:22.

Together 24:9.
topless 28:2.
total 14:24.
trafficking 2:20,
2:21, 6:14,
6:15, 11:4,
11:5, 22:19,
22:22, 23:2,
29:25, 30:2.
trained 24:12.
transcript
32:16.
translate 16:22.
transport 26:9.
transportation
26:20.
transported 23:6,
26:8.
treated 5:15.
trial 6:22, 6:23,
7:20, 9:25,
10:1, 18:19,
18:21, 18:25,
19:1, 19:7,
19:14, 19:21,
21:1, 22:2,
22:11, 22:18,
23:19, 24:3.
tried 10:18.
truck 26:11,
27:7.
truthfully 5:5.
try 9:12.
Tuesday 31:12.
turning 25:24.
two 16:23, 22:21,
24:4, 26:25.
two-level 14:21.
.
.
< U >.
ultimately 14:20,
16:16, 19:12,
27:2, 32:4.
unanimous 20:4.
undercover
27:16.
understood 15:9.
undertake 14:2,
14:6, 15:1,

15:7.
undertaking
    13:6.
United 1:1, 1:5,
    1:20, 2:5, 8:2,
    13:8, 13:9,
    13:11, 13:18,
    13:21, 17:20,
    22:20, 23:2,
    29:13, 30:1,
    30:3.
unless 20:16.
unreasonableness
    13:16.
until 16:16.
using 27:14,
    27:24.
utilities 25:19.
.
.
< V >.
v. 13:9, 13:18.
valuable 11:10.
value 23:8.
vehicles 24:25,
    25:1.
venture 23:9.
verdict 20:4,
    22:4.
versus 2:6,
    29:13.
Victim 28:11,
    28:15.
victims 28:15,
    28:18.
video 25:2.
view 32:6,
    32:10.
violate 12:24.
violation 22:19,
    23:2, 30:1,
    30:3.
voice 3:21.
voluntarily
    20:16.
voluntary 29:20.
vote 11:13.
vs 1:9.
.
.

< W >.
waive 17:25.
waived 17:10,
    22:10.
waiver 18:19,
    18:25.
waiving 19:1.
walk 26:10,
    27:7.
wanted 15:21,
    15:22.
wearing 27:16,
    28:1.
websites 25:5,
    25:23.
wherever 16:4,
    16:5.
whole 6:20.
wielded 24:12.
will 10:10, 11:10,
    12:2, 13:6,
    14:2, 14:3,
    14:5, 14:6,
    14:21, 14:23,
    14:25, 15:10,
    16:3, 17:3,
    22:10, 24:3,
    30:4, 30:7,
    30:8, 30:11,
    30:14, 30:16,
    30:18, 30:22,
    31:2, 31:9.
wish 4:12, 4:15,
    29:2, 29:5.
withdraw 3:18,
    12:10, 15:18,
    15:19, 15:24.
without 13:1.
witness 28:11.
witnesses 6:21,
    20:10, 20:12,
    21:11, 21:17,
    21:18, 21:24,
    31:11, 31:13.
women 24:13.
words 7:11.
worked 24:8.
workers 24:12,
    24:25, 25:11,
    25:16, 25:21.

write 5:12.
written 6:13,
    30:6.
.
.
< Y >.
year 4:8, 13:17,
    17:1, 17:5,
    24:21, 31:18,
    31:21.
years 3:7, 10:11,
    12:2, 12:4,
    12:8, 12:17,
    15:22, 15:23,
    16:23, 23:11.
York 24:23.